UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARITO P. W.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. C26-5145-SKV<br><br>ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1969, has a high school education, and has worked as a commissary cashier. AR 46, 230. She last worked in 2018. AR 46, 51, 230.

On September 12, 2022, Plaintiff applied for benefits, alleging disability as of August 4, 2018.[1] *See* AR 17. The alleged onset date of disability was subsequently amended to March 25, 2019, and Plaintiff's date last insured (DLI) is December 31, 2023. *See* AR 17, 20, 44.

[1] Plaintiff's simultaneously filed application for Widow's Insurance Benefits is not at issue and therefore not discussed within this Order.

Plaintiff's DIB application was denied initially and on reconsideration, and she requested a hearing. *See* AR 17. After the ALJ conducted a hearing on May 12, 2025, AR 40-59, the ALJ issued a decision finding Plaintiff not disabled, AR 17-32.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[2] the ALJ found:

> **Step one**: Plaintiff has not engaged in substantial gainful activity since March 25, 2019.
>
> **Step two**: Plaintiff has the following severe impairments: hearing loss, depressive disorder, and Meniere's disease.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]
>
> **Residual Functional Capacity (RFC)**: Plaintiff can perform light work with additional limitations. She can frequently climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally balance; frequently stoop, kneel, crouch, and crawl; occasionally work at unprotected heights, around moving mechanical parts, and operate a motor vehicle; can have occasional exposure to vibration; and can work in moderate noise. She can make detailed, but not complex work-related decisions.
>
> **Step four**: Plaintiff has no past relevant work.
>
> **Step five**: Prior to March 25, 2024, the date Plaintiff's age category changed to an individual of advanced age, there were jobs in significant numbers in the national economy that Plaintiff could have performed, and Plaintiff was therefore not disabled. Beginning on March 25, 2024, there were no jobs Plaintiff could perform and she therefore became disabled on that date. Plaintiff was not under a disability at any time through her December 31, 2023, DLI.

AR 17-32.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-5. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 5.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. pt. 404, subpt. P., app. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by not considering her "borderline age situation" at step five. Dkt. 11 at 5. The Commissioner rejects this contention and argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed. The Court, for the reasons set forth below, finds no error.

At step five, the Commissioner bears the burden to show a claimant is not disabled because the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2). An ALJ can meet this burden by relying on the testimony of a vocational expert (VE) or referring to the Medical-Vocational Guidelines ("the grids"). *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The grids direct a conclusion of disabled or not disabled with consideration of a claimant's age, education, work experience, and RFC. *See* 20 C.F.R. pt. 404, subpt. P., app. 2, § 200.00(a).

Claimants are divided into three age categories: "younger person" (under age 50); "closely approaching advanced age" (age 50-54); and "advanced age" (age 55 or older). 20 C.F.R. § 404.1563(c)-(e). An ALJ uses the age categories that apply to a claimant during the period for which the ALJ must determine disability. 20 C.F.R. § 404.1563(b). The ALJ does not apply the categories "mechanically in a borderline situation." *Id.* If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled," the ALJ "will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.*

The Ninth Circuit has confirmed that "an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The ALJ need only "*consider* whether to use the older age category." *Id.* Nor is the ALJ required to "explain in her written decision why she did not use an older age category." *Id.* (citing 20 C.F.R. § 404.1563(b)).

In *Lockwood*, the Ninth Circuit pointed to several factors as supporting its conclusion an ALJ had considered whether to use an older age category in a borderline age situation. *Id.* at

1071-72. The ALJ mentioned the claimant's date of birth and age on the date of the ALJ's decision, showing the ALJ was clearly aware the claimant was close to becoming a person of advanced age. *Id.* The ALJ "also cited to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation[,]" thus showing the ALJ knew she had discretion to use the older age category after evaluating the overall impact of all relevant factors. *Id.* at 1072. Finally, the court was satisfied the age categories had not been applied mechanically because the ALJ evaluated the overall impact of all relevant factors when the ALJ relied on the testimony of a VE before finding the claimant was not disabled. *Id.*

Here, as in *Lockwood*, the ALJ's decision shows that she considered whether to use an older age category. First, the ALJ was clearly aware of the borderline age situation. Indeed, the ALJ explicitly and repeatedly made findings, in bold text, stating that Plaintiff changed age categories during the period at issue in the decision. *See* AR 30-31 ("Prior to the established disability onset date, the claimant was an individual closely approaching advanced age. On March 25, 2024, the claimant's age category changed to an individual of advanced age (20 C.F.R. 404.1563)."; "Prior to March 25, 2024, the date the claimant's age category changed, considering the claimant's age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a)."; "Beginning on March 25, 2024, the date the claimant's age category changed, considering the claimant's age, education, work experience, and [RFC], there are not jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1560(c) and 404.1566).") (emphasis removed). Second, the ALJ cited to 20 C.F.R. § 404.1563 in making her decision. *See* AR 30. Third, the ALJ evaluated the overall impact of the relevant vocational factors when she relied on the testimony of a VE before finding

Plaintiff was not disabled. *See* AR 50-53 (asking the VE to consider an individual with no past relevant work, "56 years of age, has 12 years of education," and with the assessed RFC); AR 30-32 (describing VE's testimony that an individual of Plaintiff's age, education, work experience, and RFC would have been able to perform a total of 262,000 jobs in the national economy). The ALJ, in so doing, demonstrated that she considered whether to apply an older age category. *See, e.g., Dyllan C. for Robert C. v. Comm'r of Soc. Sec.*, No. C24-5000-GJL, 2024 WL 3460940, at *5 (W.D. Wash. July 18, 2024) (court was satisfied ALJ considered whether to exercise discretion in applying an older age category where ALJ correctly identified the date plaintiff turned 55 and cited 20 C.F.R. § 404.1563).

Plaintiff cites to distinguishable case law in her assignment of error. As the Commissioner observes, the ALJs in those cases erred by considering a claimant's age at the time of the application, not the time the ALJ made the decision. *See Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) (also finding ALJ failed to show she considered older age category); *Moore v. Comm'r of Soc. Sec.*, No. C25-0390, 2025 WL 3167917, at *4-6 (E.D. Cal. Nov. 13, 2025) (also noting ALJ failed to mention the borderline age rule or cite to subdivision (b) of 20 C.F.R. § 416.963 in the decision, and failed to mention the claimant's approaching fiftieth birthday to the VE at hearing). The ALJ made no such error in this case. Nor was the ALJ required to explicitly state that she was considering a borderline age situation or to cite to subdivision (b) of 20 C.F.R. § 404.1563. *See, e.g.*, *Marcia B. v. Comm'r of Soc. Sec.*, No. C21-5694-TLF, 2022 WL 1000477, at *3 (W.D. Wash. Apr. 4, 2022) (agreeing with *Lockwood* that a general citation to 20 C.F.R. § 404.1563 or § 416.963 suffices as indication the ALJ knew about the prohibition on mechanical application of age categories in a borderline situation and, as in *Lockwood*, presuming ALJs "know the law and apply it in making their decision.") (citing and

quoting *Lockwood*, 616 F.3d at 1072 & n.3); *Clifford S. v. Berryhill*, No. C18-0008-JCC-TLF, 2018 WL 5259659, at *3-4 (W.D. Wash. Sept. 28, 2018) ("The ALJ does not have an 'obligation to make express findings' in the written decision.") (quoting *Lockwood*, 616 F.3d at 1073), *report and recommendation adopted sub nom. Swalley v. Berryhill*, No. C18-0008-JCC, 2018 WL 5243833 (W.D. Wash. Oct. 22, 2018).

The ALJ, in sum, showed that she considered whether to use an older age category. Plaintiff therefore fails to demonstrate error at step five.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 18th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge